UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                        CASE NO. 8:15-CR-406-T-17MAP

DANIEL ORLANDO ABRAHAMS.

_____/

## ORDER

This cause is before the Court on:

Dkt. 112     Motion to Reduce Sentence
Dkt. 116     Response
Dkt. 118     Motion to Reduce Sentence under Sec. 3582(c)(2) and Amendment 706

Defendant Daniel Orlando Abrahams, pro se, seeks reduction of Defendant's sentence pursuant to the August 3, 2010 Fair Sentencing Act.

Defendant Abrahams entered a plea of guilty to Count One of the Indictment, charging Defendant with conspiracy with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of Secs. 70506(a) and (b); and 21 U.S.C. Sec. 960(b)(1)(B)(ii). Defendant Abrahams was sentenced on May 27, 2016 to 168 months imprisonment, 60 months supervised release, fine waived, and a special assessment fee of $100.00.

At sentencing, the Court determined that Defendant's total offense level was 35, Criminal History Category was 1, the guideline range (after application of Sec. 5G1.1 and Sec. 5G1.2), was 168 to 210 months imprisonment, the supervised release range was 5 years, and the fine range was $20,000 to $10,000,000.

Case No. 8:15-CR-406-T-17MAP

On September 29, 2016, Defendant Abrahams filed a Sec. 2255 Motion (Dkt. 97), which the Court denied. (Dkt. 103).

Defendant Abrahams filed an Amendment 782 Motion on April 10, 2017. (Dkt. 105). Counsel was appointed for Defendant. The U.S. Probation Office filed an Amendment 782 Memorandum which indicated that Defendant Abrahams is ineligible, because the Drug Quantity Table remains at level 38 (540 kilograms of cocaine) and Defendant was sentenced under the 2015 Guidelines, which incorporate all the benefits of Amendment 782.

The Federal Defender's Office filed its Notice that all requirements imposed by the Omnibus Amendment 782 Order were satisfied. (Dkt. 110). Thereafter, Defendant Abrahams filed his pro se Motion to Reduce Sentence. (Dkt. 112). After independent review, the Court denied Defendant's Amendment 782 Motion. (Dkt. 114).

I. Standard of Review

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam).

[F]ederal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

Case No. 8:15-CR-406-T-17MAP

II. Discussion

18 U.S.C. Sec. 3582 (c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

...

2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A.   Dkt. 112     Motion to Reduce Sentence

In his Motion, Defendant asserts that the Government, the Court and Defendant's counsel allowed Defendant Abrahams to receive over the mandatory minimum term of ten years. (Dkt. 112, p. 2). Defendant Abrahams argues that if the "Fair Sentencing Act" had been brought to the Court's attention, Defendant Abrahams may or may not have received a term of imprisonment over the mandatory minimum, at the Court's discretion. Defendant Abrahams is requesting that the Court grant a ten year sentence. (Dkt. 112, p. 2).

The Government opposes Defendant Abrahams' Motion.

The procedural background and factual background of this case is outlined in the Court's Order denying Defendant Abrahams' Sec.

Case No. 8:15-CR-406-T-17MAP

2255 Petition. (Dkt. 103).

It is undisputed that the offense for which Defendant Abrahams was sentenced involved 540 kilograms of cocaine; the base offense level pursuant to the 2015 Guidelines was 38. (Dkt. 70, p. 7). This offense level was reduced two levels pursuant to USSG Sec. 5C1.2, but increased two levels because Defendant mastered the go-fast vessel. USSG Sec. 2D1.1(c)(3). Because Defendant demonstrated acceptance of responsibility, the offense level was reduced by two levels. USSG Sec. 3E1.1(a); the offense level was further reduced one level based on Defendant's assistance to authorities. USSG Sec. 3E1.1(b). (Dkt. 70, p. 8). This resulted in a Total Offense Level of 35. The guideline range for Level 35, Criminal History Category 1, is 168 to 210 months imprisonment. Defendant Abrahams was sentenced at the low end of the applicable guideline range.

The Court notes that, at Defendant Abrahams' change of plea hearing, Defendant Abraham was advised of the minimum penalty and the maximum penalty that could be imposed, and Defendant Abrahams indicated that he understood. (Dkt. 101, p. 26).

Defendant Abrahams was sentenced under the 2015 Guidelines. The charge for which Defendant Abrahams was sentenced included 540 kilograms of cocaine. This is not a "crack cocaine" case. Defendant's sentence was not based on a guideline range that has subsequently been lowered by the Sentencing Commission by an applicable amendment to the Sentencing Guidelines. While Defendant Abrahams' sentence is above the statutory minimum, it is with the applicable range under the Sentencing Guidelines.

Case No. 8:15-CR-406-T-17MAP

After consideration, the Court denies Defendant Abrahams' Motion to Reduce Sentence.

B.  Dkt. 118    Motion to Reduce Sentence

Defendant Abrahams requests a reduction of sentence as to Defendant's Sec. 841(A)(1) cocaine base conviction as to "non violent crime" under "F.S.A. 2010". Defendant Abrahams further asserts a good institutional record and completed classes, and that Defendant Abrahams has sufficient "good conduct" to be released to society.

At sentencing, Defendant Abrahams requested a variance based on the Sec. 3553(a) factors, (Dkt. 99, p. 7), but the Court denied Defendant's request.

The Court has limited authority to modify Defendant Abrahams' sentence. This case is not a "crack cocaine" case. Defendant Abraham's sentence was not based on a guideline range that has subsequently been lowered by the Sentencing Commission by an applicable amendment to the Sentencing Guidelines. The Court is authorized to grant a reduction under Sec. 3582(c)(2) only "if [it] is consistent with applicable policy statements issued by the Sentencing Commission." The Court first determines the scope of the reduction, if any, authorized by USSG Sec. 1B1.10 and then considers whether the authorized reduction is warranted according to the applicable Sec. 3553(a) factors. Dillon v. United States, 130 S.Ct. 2683, 2686 (2010).

Because there is no authorized reduction to Defendant Abrahams' sentence, the Court does not consider whether the authorized reduction is warranted according to the applicable Sec. 3552(a) factors.

5

Case No. 8:15-CR-406-T-17MAP

After consideration, the Court denies Defendant Abrahams' Motion to Reduce Sentence. Accordingly, it is

**ORDERED** that pro se Defendant Daniel Orlando Abraham's Motion to Reduce Sentence (Dkt. 112) is **denied**, and Motion to Reduce Sentence under Sec. 3582(c) and Amendment 706 (Dkt. 118) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 27th day of July, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant:

Daniel Orlando Abraham
63227-018   Unit B
Federal Satellite Low
2680 Hwy. 301 S.
Jesup, GA   31599