UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:15-CR-406-T-17MAP

DANIEL ORLANDO ABRAHAMS.

_____/

ORDER

This cause is before the Court on:

Dkt. 120  Motion for Reconsideration of Order Denying
Motions to Reduce Sentence (Dkt. 119)

Defendant Daniel Orlando Abrahams, pro se, seeks reconsideration of the Order denying Defendant's Motions to Reduce Sentence. Defendant Abrahams relies on Hughes v. U.S., 138 S.Ct. 1765 (2018) and Freeman v. U.S., 131 S.Ct. 2685 (2011).

In Hughes v. U.S., supra, the Supreme Court held that: 1) a Type–C plea agreement is based on Sentencing Guidelines range, as required for sentence reduction eligibility, if that range was part of framework district court relied on in imposing sentence...; and 2) defendant's Guidelines range was a basis for his sentence, and thus he was eligible for sentence reduction. Defendant Hughes moved for a sentence reduction based on a retroactive amendment to the Sentencing Guidelines, which reduced by two levels the base offense level for most drug offenses. The United States District Court for the Northern District of Georgia denied the motion, and the Eleventh Circuit Court of Appeals affirmed the denial. The United States Supreme Court reversed and remanded.

Case No. 8:16-CR-406-T-17MAP

In <u>Hughes v. U.S.</u>, and <u>Freeman v. U.S.</u>, the issue was whether a defendant may be eligible for relief under Sec. 3582(c)(2) if the defendant entered into a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11 (c)(1)(C). In a "Type-C agreement", the Government and a defendant "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply," and "such a recommendation or request binds the court once the court accepts the plea agreement." Rule 11(c)(1)(C). When the Government and a defendant enter into a Type-C agreement, the district court has three choices: It "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Rule 11(c)(3)(A). If the court rejects the agreement, the defendant may withdraw his guilty plea. Rule 11(c)(5)(B). The term of imprisonment imposed by a district court pursuant to a "Type-C agreement" is based on the plea agreement itself, not on the judge's calculation of the of the Guidelines sentencing range.

In this case, Defendant Abrahams and the Government entered into a Plea Agreement. (Dkt. 50). In Paragraph (A) 6, the Plea Agreement provided:

> 6. <u>Guidelines Sentence</u>
>
> Pursuant to Fed. R. Crim P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor

Case No. 8:16-CR-406-T-17MAP

>  the defendant will be allowed to withdraw from the plea
>  agreement, and the defendant will not be allowed to withdraw
>  from the plea of guilty.

The Court further notes the provisions of Paragraph (B) 6.

This case does not involve a "Type-C agreement"; therefore, Defendant Abrahams' reliance on <u>Freeman</u> and <u>Hughes</u> is misplaced. Defendant Abrahams has not persuaded the Court that its previous decision was in error.

The Plea Agreement reflects that the USCG recovered 27 bales of abandoned contraband containing over 500 kilograms of cocaine. Based on the quantity of cocaine for which Defendant Abrahams was held accountable, the Court determined the base offense level to be level 38. Defendant's sentence was not based on a guideline range that has subsequently been lowered by the Sentencing Commission by an applicable amendment to the Sentencing Guidelines. In addition, Defendant Abrahams was sentenced under the 2015 Sentencing Guidelines, which incorporate the benefits of Amendment 782. (Dkt. 107). '

After consideration, the Court denies Defendant Abrahams' Motion for Reconsideration. Accordingly, it is

**ORDERED** that <u>pro se</u> Defendant Daniel Orlando Abrahams' Motion for Reconsideration (Dkt. 120) is **denied.**

Case No. 8:16-CR-406-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 15th day of August, 2018.

*[signature]*
ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Pro Se Defendant:

Daniel Orlando Abraham
63227-018 Unit B
Federal Satellite Low
2680 Hwy. 301 S.
Jesup, GA 31599