UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:15-CR-406-T-17TGW

DANIEL ORLANDO ABRAHAMS.

_____/

ORDER

This cause is before the Court on:

Dkt. 133   Motion for Review of an Otherwise Final
           Sentence Pursuant to 42 U.S.C. Sec. 3742
           Based on Lack of Subject Matter Jurisdiction

Defendant Daniel Orlando Abrahams, *pro se*, moves for review of an otherwise final sentence pursuant to 42 U.S.C. Sec. 3742, based on lack of subject matter jurisdiction.

The Court construes Defendant Abrahams' Motion to be brought under 18 U.S.C. Sec. 3742.

1. Background

Defendant Daniel Abrahams entered into a Plea Agreement (Dkt. 50), pleading guilty to County 1 of the Indictment. Defendant was charged with conspiracy to possess with Intent to distribute 5 kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. Secs. 70506(a) and (b) and 21 U.S.C. Sec. 960(b)((1)(B)(ii).

The Court notes that the Plea Agreement includes an appeal waiver. (Dkt. 50, p. 15).

Defendant Abrahams was sentenced on May 27, 2016 to a term of imprisonment of 168 months, a term of supervised release of 60 months, fine waived, and a special assessment of $100.00. (Dkts. 79, 82).

After sentencing, Defendant Abrahams did not pursue a direct appeal.

Defendant Abrahams filed a Section 2255 Petition. (Dkt. 98; Case No. 8:16-CV-2778 T-17MAP). The Court denied the Petition. (Dkt. 103). Defendant Abrahams' Sec. 2255 Petition included a claim for ineffective assistance of counsel, for counsel's failure to challenge the Court's jurisdiction. (Dkt. 103, p. 9). The Court concluded that Defendant Abrahams' plea was knowing and voluntary, and all pre-plea ineffective assistance of counsel claims were waived by entry of the guilty plea. The Court further noted that Defendant's claim that the vessel he mastered was registered in Colombia was belief by the record. (Dkt. 103, p. 10).

Defendant Abrahams has sought other post-conviction relief, but his motions have been denied. (Dkts. 114, 119, 121, 132, 134).

2. Discussion

Defendant Abrahams asserts that, as applied to Defendant's criminal case, the Maritime Drug Law Enforcement Act was unconstitutional, and therefore the United States was without subject matter jurisdiction in Defendant's case. Defendant Abrahams requests that his conviction and sentence be vacated.

In similar cases, the Court has previously found that the lawful interdiction of a defendant's stateless vessel and a defendant's conviction under the MDLEA for trafficking drugs onboard that stateless vessel, while in international waters, is a legitimate constitutional exercise of extraterritorial jurisdiction under both the Piracies and Felonies Clauses. **United States v. Cruickshank,** 837 F.3d 1182, 1188 (11th Cir.)(Congress did not exceed its authority by enacting the MDLEA); cert. denied, **Cruickshank v. United States**, 2017 WL 1199489 (Apr. 3, 2017); **United States v. Campbell,** 743 F.3d 802, 809-10 (11th Cir. 2014); **United States v. Estupinan**, 453 F.3d 1336, 1338 (11th Cir. 2006). **See also** Case No. 8:15-CR-387-T-27JSS, Dkt. 107, Order denying Motion to Vacate.

After consideration, the Court denies Defendant Abrahams' Motion. Accordingly, it is

**ORDERED** that *pro se* Defendant Daniel Orlando Abrahams' Motion for Review of an Otherwise Final Sentence Pursuant to 42 U.S.C. Sec. 3742 Based on Lack of Subject Matter Jurisdiction (Dkt. 133) is **denied.**

DONE and ORDERED in Chambers in Tampa, Florida on this 4th day of December, 2019.



ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:

All parties and counsel of record

**Pro Se** Defendant:

Daniel Orlando Abrahams
63227-018
JESUP
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
2600 Highway 301 South
Jesup, GA  31599